IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OHIO
EASTERN DIVISION

In re: ) Chapter 13 Case No.
    **ANGELINE FORTE'** )
) Judge
)
    Debtor(s) ) **PLAN**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(1) Debtor(s) to pay to the Chapter 13 Trustee out of future income the sum of $ 152.48 bi-weekly, or all of the projected future disposable income of the debtor(s), pursuant to 11 U.S.C. Sec. 1322(a)(1) and 1325(b)(2). Plan payments shall commence within thirty days from the filing of this plan, pursuant to 11 U.S.C. Sec. 1326(a)(1).

(2) All claims entitled to **priority** under 11 U.S.C. Sec. 507 shall be paid in full in deferred cash payments unless a holder of a particular claim agrees to a different treatment. In addition to the costs of administration, which are to be paid in accordance with the standard procedure of this Court, the following treatment is specified for the following priority claims: Priority claims will be paid 100% pro-rata with secured claims.

    **Attorney Jason T. Baker shall be paid attorney fee balance of $ 1,200.00 within first year of the plan.**

| Creditor | | Amount |
|---|---|---|
| **State of Ohio, Department of Taxation** | - | **$ 311.00** |
| **City of Cleveland, Department of Taxation** | - | **$ 280.00** |
| **James Rokakis, County Treasurer** | - | **$1,514.00** |

(3) The following **secured** creditor(s) shall receive the current monthly payments, to be paid directly by the debtor(s) **"outside"** the plan. The arrearage, if any, will be paid by the Trustee.

| Creditor | Arrearage Amount | Interest Rate | Fixed payment |
|---|---|---|---|
| **OCWEN** | **$0.00** | **N/A** | **N/A** |

(4) The following **secured** creditor(s) shall be paid by the Trustee **"inside"** the plan. Each claim is secured to the extent of the value of the corresponding collateral as indicated below. The remainder of the claim, if any, is unsecured.

| Creditor | Value of security | Interest rate, if app. | Fixed payment |
|---|---|---|---|

A holder of a secured claim shall retain the lien securing such claim until the amount for which the claim is allowed as secured is paid in full, pursuant to 11 U.S.C. Sec. 1325(a)(5)(B)(i) and 1327(c).

(5) Executory contracts and unexpired leases will be treated as follows: The following **secured** creditor(s) shall receive the current monthly payments, to be paid directly by the debtor(s) **"outside"** the plan

Contract party or lessor                Treatment: assumed or rejected

**Chrysler Financial**                  **Assumed**

Pursuant to 11 U.S.C. Sec. 502(g), any claim filed by a party to a rejected executory contract or unexpired lease shall be allowed as if such claim arose prior to the date of the filing of the petition, subject to the right to object to the amount of the claim. Such a claimant must file a proof of claim within ninety days of the meeting of creditors held pursuant to 11 U.S.C. Sec. 341.

(6) Creditors holding **unsecured** claims shall be paid at least _22_% of the amount of allowed claims, pro rata with other unsecured creditors. Pursuant to 11 U.S.C. Sec. 1325(b), the Trustee would have objected to confirmation of a plan proposing dividends for unsecured creditors of less than 100% if the plan failed to provide that all projected disposable income would be committed to the chapter 13 plan for the next three years. Therefore, the Trustee may file a motion to modify the plan to increase the dividend if a composite plan appears to require less than 36 months for completion, notwithstanding the provisions of Article 8 herein. Pursuant to 11 U.S.C. Sec. 502(b)(2), claims for interest accruing after the filing of the petition shall not be allowed.

(7) This plan allows for payment of all or any part of a claim allowed under 11 U.S.C. Sec. 1305.

(8) The projected length of the plan is at least _36_ months, as estimated by the debtor(s). If claims are filed in amounts greater than the amounts of the scheduled debts, this plan may extend beyond its stated term without further application or notice, but the length of this plan may not exceed sixty (60) months, pursuant to 11 U.S.C. Sec. 1322(c).

(9) **The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. Sec. 1327. Therefore, if a creditor, or contract party named herein objects to this plan, including specifically the valuation of security and the treatment of executory contracts and expired leases, a formal objection to confirmation must be filed before the date fixed by the Bankruptcy Court.**

(10) The following provisions shall also apply:

 /s/ Angeline Forte
Debtor                                                              Debtor

Date:  10-13-05                                           /s/ Jason T. Baker
                                                                    Attorney for Debtor(s)