# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | **CASE NO.: 05-93307** |
|  | ) |  |
| **ANGELINE FORTE'** | ) | **CHAPTER 13** |
| **AKA ANGELA FORTE'** | ) |  |
|  | ) | **JUDGE: RANDOLPH BAXTER** |
|  | ) |  |
|  | ) | <u>**OBJECTION TO CONFIRMATION**</u> |
| Debtor | ) | <u>**OF PLAN**</u> |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED

HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2004-2, a secured creditor herein, and holder of the first

mortgage on the real estate owned by the Debtor and located at 11805 Cromwell Ave.,

Cleveland, OH 44120, hereby objects to the confirmation of the Debtor's proposed plan pursuant

to 11 U.S.C., §§1307 (c)(1) and 1324. WACHOVIA BANK, N.A., AS TRUSTEE FOR THE

REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE

PASS-THROUGH CERTIFICATES, SERIES 2004-2 requests that confirmation of the plan be

denied by this Honorable Court, at least as it relates to the above mentioned real estate, which is

more fully described in the Mortgage Deed attached hereto and marked as Exhibit "B". This

Objection to Confirmation is supported by the following reasons:

1. The Debtor is in possession of the property and WACHOVIA BANK, N.A., AS

   TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED

SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2 has not been given adequate protection against deterioration or depletion of the property which is secured by the first mortgage of WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2, including but not limited to the payment of real estate taxes and hazard insurance.

2. The plan does not adequately protect WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2's interest and does not provide for the curing of the arrearage due WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2 within a reasonable period of time.

3. The County Auditor's True Tax Valuation of the real estate indicates a Fair Market Value of $65,7000.00. The property is encumbered by a mortgage held by WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2 in the principal amount of $77,380.90, plus interest thereon at 9.00% per annum from November 1, 2005. The debtor may be entitled to a $5,000.00 homestead exemption, and therefore

there is no equity in the real estate which is secured by the first mortgage of WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2, or, if there is equity, it is of inconsequential value.

4.    The current arrearage on WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-2's mortgage is in excess of $1,102.58, for which amount a Proof of Claim has been filed herein, although debtor's proposed plan does not provide for the curing of an arrearage.

Section 1322 of the Bankruptcy Code provides that a plan may modify the rights of holders of secured claims secured only by a security interest in real estate that is the debtor's principal place of residence if the plan provides for the curing of a default within a reasonable time. The present proposed plan is unworkable and could not be completed in less time than 60 months. This is clearly not reasonable and, in fact, is impermissible pursuant to §1322.

This Objection is a Standing Objection, and shall continue with reference to the currently proposed plan and any subsequently modified plan.

WHEREFORE, WACHOVIA BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF AEGIS ASSET BACKED SECURITIES TRUST, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2004-2 respectfully requests that this Honorable Court

deny confirmation of Debtor's proposed plan, in addition to any other relief the Honorable Court

deems just and appropriate.

Respectfully Submitted,

/s/ Christian E. Niklas
SHAPIRO & FELTY, L.L.P.
BY: Christian E. Niklas  (0066725)
Attorney for WACHOVIA BANK, N.A.,
AS TRUSTEE FOR THE REGISTERED
HOLDERS OF AEGIS ASSET BACKED
SECURITIES TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2004-2
1500 West Third Street, Suite 400
Cleveland, OH  44113
(216) 621-1530 ext. 216
(216) 621-7646-fax
cniklas@logs.com

**S E R V I C E**

A copy of the foregoing Objection was served on:

Angeline Forte'
11805 Cromwell Ave.
Cleveland, OH 44120

Craig Shopneck
Chapter 13 Trustee
BP Tower
200 Public Square, Suite 3860
Cleveland, OH 44114-2321

Jason T. Baker
55 Public Square
#1330
Cleveland, OH 44113

by ordinary U.S. Mail and/or electronically as permitted by local rule this 13TH day of
December, 20 05.

> /s/ Christian E. Niklas
> SHAPIRO & FELTY, L.L.P.
> BY: Christian E. Niklas (0066725)
> Attorney for WACHOVIA BANK, N.A.,
> AS TRUSTEE FOR THE REGISTERED
> HOLDERS OF AEGIS ASSET BACKED
> SECURITIES TRUST, MORTGAGE
> PASS-THROUGH CERTIFICATES,
> SERIES 2004-2

05-56210; md ; December 7, 2005; Saved As: 56210.obj



**ADJUSTABLE RATE NOTE**
MIN: 028310840312238
(LIBOR Six-Month Index (As Published In The Wall Street Journal)—Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

December 24, 2003                 CLEVELAND                    OHIO
                                     (City)                    (State)

1985 GRANTHAM AVENUE
CLEVELAND, OHIO 44109
(Property Address)

1. **BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 76,500.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is AEGIS LENDING CORPORATION. I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 10.95 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

3. **PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on February 1, 2004. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on January 1, 2034, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 3250 WEST PEORIA, SUITE 333, OKLAHOMA CITY, OK  73127, or at a different place if required by the Note Holder.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)-
Single Family-Fannie Mae UNIFORM INSTRUMENT
Form 3520   1/01   (Page 1 of 4 Pages)

INITIALS: _____

(B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ ###.##.  This amount may change.

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay.  The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

4.  INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on the first day of January, 20##, and on that day every 6th month thereafter.  Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index.  The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal.  The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information.  The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN and THREE/FOURTHS percentage points (7.750 %) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments.  The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 13.???? % or less than ????? %.  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE percentage point (1.00 %) from the rate of interest I have been paying for the preceding 6 months.  My interest rate will never be greater than 19.???? %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change.  The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)-
Single Family-Fannie Mae UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna                                    Form 3520  1/01      (Page 2 of 4 Pages)

INITIALS:

**4. BORROWER'S RIGHT TO PREPAY**

**5. LOAN CHARGES**

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

(B) Default

(C) Notice of Default

(D) No Waiver By Note Holder

(E) Payment of Note Holder's Costs and Expenses

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)
Single Family-Fannie Mae Uniform Instrument
Distributed by Mortgage-X.com      Form 3522 1/01      (Page 2 of 5 Pages)

INITIALS:

**8. GIVING OF NOTICES**

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

**10. WAIVERS**

**11. UNIFORM SECURED NOTE**

MULTISTATE ADJUSTABLE RATE NOTE—ONE-YEAR INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)—
Single Family—Fannie Mae Uniform Instrument     Form 3526 1/01     (Page 4 of 4 Pages)

INITIALS: _____ _____

Loan No: 02600311233                                                    Data ID: nnn

This loan is made pursuant to section 1343 of the Ohio Revised Code and as prescribed by Public Laws 96-221 and 97-320. The terms of this loan are not subject to any provisions of the Ohio Mortgage Loan Act.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
ANDRIJ.H.H PORTS - Borrower

_____ (Seal)
UNDRIJ PORTS PORTS (Borrower)

[Sign Original Only]



**EXHIBIT B**

A TRUE COPY

Loan No: 038603123333
Borrower: ANGELINE PORTH

Doc ID: 406

Return to: AEGIS LENDING CORPORATION
ATTENTION: LOAN SHIPPING, 580 J
P.O. BOX 8459
BATON ROUGE, LA 70884

## MORTGAGE

MIN: 100231103463123338

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated December 30, 2003, together with all Riders to this document.

(B) "Borrower" is ANGELINE PORTH AND GENEVA PORTH . Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is AEGIS LENDING CORPORATION. Lender is a Corporation organized and existing under the laws of the State of DELAWARE. Lender's address is 11111 NORTH RIDGE ROAD, BATON ROUGE, LA 70816.

(E) "Note" means the promissory note signed by Borrower and dated December 30, 2003. The Note states that Borrower owes Lender SEVENTY-EIGHT THOUSAND THREE HUNDRED and NO/100--Dollars (U.S. $78,300.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than January 1, 2034.

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider    ☐ Condominium Rider           ☐ Second Home Rider
☐ Balloon Rider            ☐ Planned Unit Development Rider
☐ 1-4 Family Rider         ☐ Biweekly Payment Rider
☐ Other(s) [specify]

OHIO - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3036   1/01    (Page 1 of 16 Pages)
Modified by MottGstar3, Printe & Dianna

Loan No: 0090/2315233                                                    Date ID: 005

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the County of CUYAHOGA:

**SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

which currently has the address of 1196 CROMWELL AVENUE,
                                            [Street]
CLEVELAND, OHIO                       44110             ("Property Address"):
[City]                                [Zip Code]

OHIO - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Drafted by Wolterman, Mintz & Queen             Form 3036    1/01    (Page 2 of 12 Pages)

05-93307-rb    Doc 10    FILED 12/13/05    ENTERED 12/13/05 15:14:50    Page 12 of 40

Loan No: 02400213333     Date ID: 000



OHIO - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3036   1/01    (Page 4 of 18 Pages)

05-93307-rb    Doc 10    FILED 12/13/05    ENTERED 12/13/05 15:14:50    Page 14 of 40







05-93307-rb    Doc 10    FILED 12/13/05    ENTERED 12/13/05 15:14:50    Page 18 of 40





Loan No: 02840561325A                                                                 Date ID: 048

THE ADDITIONAL WILL BE, NO SUMMER OF PARTIAL WAIVER OF RIGHT TO JURY TRIAL

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in
this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

OHIO - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberry, Riddle & Giannia                    Form 3036    1/01    (Page 12 of 13 Pages)

Loan No.: 029XXXX1XXX3

State of OHIO
County of CUYAHOGA

[Space Below This Line For Acknowledgment]

$

The foregoing instrument was acknowledged before me this _____ day of DECEMBER, m 03 by

ANNIE JUNE PONTE AND GENEVA PONTE



_____

(Printed Name)

My commission expires: _____

[Seal]

This instrument was prepared by:
McGlinchey, Stafford & Thebaut
717 N. Harwood, Suite 3500
Dallas, TX 75201

OHIO - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3036    1/01    [Page 15 of 15 Pages]
Modified by McGlinchey, Stafford & Thebaut

CUYAHOGA COUNTY RECORDER
PATRICK J. O'MALLEY
MORT 12/31/2003 11:34:34 AM
200312310449

Loan No.  0360101241
Borrower:  ANGELINO PORTIS

Return to:  AEGIS LENDING CORPORATION
ATTENTION : ( DAN SHIPPING ) RM. 3
PO BOX 8418
BATON ROUGE, LA 7089

MIN 100325102411231a

## MORTGAGE

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated December 26, 2003 together with all Riders to this document.

**(B)** "Borrower" is ANGELINO PORTIS and GENEVA PORTIS ____ Borrower is the mortgagor under this Security Instrument.

**(C)** "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D)** "Lender" is AEGIS LENDING CORPORATION. Lender is a corporation organized and existing under the laws of the State of DELAWARE. Lender's address is 11201 NORTH FREEWA, HOUSTON, TX 77037 ____

**(E)** "Note" means the promissory note signed by Borrower and dated December 26, 2003. The Note states that Borrower owes Lender SEVENTY EIGHT THOUSAND THREE HUNDRED and NO/100 Dollars (U.S. $ 78,300.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than January 1, 2034.

**(F)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**(G)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(H)** "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☒ Adjustable Rate Rider    ☐ Condominium Rider    ☐ Second Home Rider
☒ Balloon Rider    ☐ Planned Unit Development Rider
☒ 1-4 Family Rider    ☐ Biweekly Payment Rider
☐ Other(s) [specify]

**OHIO** Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna      Form 3036    1/01      (Page 1 of 13 Pages)

CUYAHOGA COUNTY RECORDER
200312310449 PAGE 1 OF 17

Loan No. 02843313331                                          Date ID: som

(F) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non appealable judicial opinions.

(J) "Community Association Dues, Fees and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" mean those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in the County of CUYAHOGA:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which currently has the address of 11804 CROMWELL AVENUE,
                                                       [Street]
CLEVELAND, OHIO                          44105                    ("Property Address"):
[City]                                   [Zip Code]

OHIO - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna                Form 3036        1/01        (Page 2 of 18 Pages)

CUYAHOGA COUNTY RECORDER
200312910440   PAGE 2 of 17







CUYAHOGA COUNTY RECORDER
200510314AB PAGE 16 of 17



05-93307-rb    Doc 10    FILED 12/13/05    ENTERED 12/13/05 15:14:50    Page 35 of 40

Loan No: 0360441253

[Space Below This Line For Acknowledgment]

Date ID: n0n

State of OHIO
County of CUYAHOGA #1

The foregoing instrument was acknowledged before me this
26 December 2004 by
ANGELINE FOITE AND GENEVA FOITE



[Printed Name]

My commission expires _____

[Seal]

This instrument was prepared by
Middleberg, Riddle & Gianna
717 N. Harwood, Suite 2400
Dallas, TX  75201

OHIO  Single Family  Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna
Form 3036    1/01    (Page 12 of 13 Pages)

CUYAHOGA COUNTY RECORDER
200412016448   PAGE 13 of 17



Lawyers Title Insurance Corp.

Commitment Number N00-11466

SCHEDULE C
PROPERTY DESCRIPTION

The land referred to in this Commitment is described as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 134 in The Cleveland Realty Company's Re-Subdivision of a part of Original
One Hundred Acre Lot Nos. 430, 446, 439, as shown by the recorded plat in Volume 48 of Maps, Page 13 of
Cuyahoga County Records, and being 40 feet front on the Northerly side of Orchard Avenue and extending
back 115.11 feet on the Easterly line, 115.56 feet on the Westerly line and having a rear line of 40.01 feet, as
appears by said plat.

PPN: 135-08-131
11005 Orchard Avenue
Cleveland, Ohio 44100

ALTA Commitment
Schedule C

(N00-11466,PFD/N00-11466/13)

Lawyers Title Insurance Corporation

Commitment Number  N03-11466

**SCHEDULE C**
**PROPERTY DESCRIPTION**

The land referred to in this Commitment is described as follows:

Situated in the City of Cleveland  County of Cuyahoga and State of Ohio

And known as being Sublot No. 124 in The Crawford Realty Company's Re-Subdivision of a part of Original One Hundred Acre Lot Nos. 420, 420, 422 as shown by the recorded plat in Volume 45 of Maps  Page 15 of Cuyahoga County Records and being 40 feet front on the Northerly side of Orchard Avenue and extending back 119.11 feet on the Easterly line  119.09 feet on the Westerly line and having a rear line of 40.01 feet  as appears by said plat

PPN: 129-05-151
11305 Orchard Avenue
Cleveland  Ohio 44120

ALTA Commitment
Schedule C

(N03-11466 PFD/N03-11466/16)

CUYAHOGA COUNTY RECORDER
200319310046   PAGE 14 of 17

Lawyers Title Insurance Corp.

Commitment Number: N03-11466

SCHEDULE C
PROPERTY DESCRIPTION

The land referred to in this Commitment is described as follows:

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:

And known as being Sublot No. 134 in The Cleveland Realty Company's Re-Subdivision of a part of Original
One Hundred Acre Lot Nos. 430, 435, 436, as shown by the recorded plat in Volume 46 of Maps, Page 19 of
Cuyahoga County Records and being 40 feet front on the Northerly side of Clermont Avenue and extending
back 1,147 feet on the Easterly line, 112.49 feet on the Westerly and wide throne a rear line of 40.01 feet, as
appears by said plat.

PPN: 139-05-131
11603 Clermont Avenue
Cleveland, Ohio 44120

ALTA Commitment
Schedule C

(N03-11466.PFD/N03-11466/13)